24-2943
*Tabor v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand and twenty-five.

PRESENT:    Steven J. Menashi,
            Eunice C. Lee,
            Alison J. Nathan,
                 *Circuit Judges.*

_____

NANCY E. TABOR, WALTER A. TABOR,

  *Plaintiffs-Appellants,*

  v.                                                    No. 24-2943

UNITED STATES OF AMERICA,

  *Defendant-Appellee.*\*

_____

---

\* The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiffs-Appellants*:    ERIC W. CALLAHAN (Richard S. Cody, *on the brief*), Suisman Shapiro Wool Brennan Gray & Greenberg, New London, Connecticut.

*For Defendant-Appellee*:    MICHELLE MELTON, Attorney (Lisa Lynne Russell, Deputy Assistant Attorney General, *on the brief*), Environment and Natural Resources Division, United States Department of Justice, Washington, DC.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, J., Oliver, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Nancy and Walter Tabor own more than 140 acres of land in Connecticut. In exchange for $210,496, Nancy Tabor granted the United States a conservation easement on a portion of that land. The easement deed prohibits dividing, partitioning, or subdividing the property encumbered by the easement. When Nancy Tabor conveyed part of the property to Walter Tabor and attempted to sell another part to a third party, the government claimed that dividing the property between different owners would violate the terms of the easement deed.

The Tabors sued to quiet title pursuant to the Quiet Title Act, 28 U.S.C. § 2409a, claiming that the easement deed does not prohibit conveying different sections of the encumbered property to different owners. The district court held that the easement deed prohibits the conveyances and granted the government's motion for summary judgment.

On appeal, the Tabors argue that the district court misinterpreted the easement deed to prohibit the conveyance or sale of one parcel without the others.

2

The Tabors additionally argue that the district court erred by declining supplemental jurisdiction over related state law claims and by entering judgment in favor of the government. "We review the district court's grant of summary judgment de novo." *Friend v. Gasparino*, 61 F.4th 77, 84 (2d Cir. 2023). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I**

The Tabors argue that the easement deed allows the conveyance of Parcels A, B, or C to different owners without approval from the government. We disagree.

Unless the government consents, the easement deed prohibits the "division, partition or subdivision of the Property." App'x 39. The easement deed defines the "Property" as "[a]ll those certain pieces or parcels of land … shown as Parcel A, Parcel B, and Parcel C on a map." *Id.* at 35, 46. The deed thereby prohibits the Tabors from dividing or partitioning the "Property," meaning Parcels A, B, and C collectively. The sale of Parcel A to one party and the conveyance of Parcels B and C to another would result in a prohibited division of the Property. Such a piecemeal division is not allowed under the terms of the easement deed, even though the deed allows the entirety of the Property to be sold to a new owner.

The Tabors argue that the easement deed prohibits the division of each individual parcel but does not prohibit the separation of one parcel from another. Parcels A, B, and C are "three discrete and separate parcels of land," according to this argument, and the easement deed prohibits only the *further* division of each of the parcels. Appellants' Br. 11. The plain language of the easement deed, however, undermines this reading. It prohibits divisions and partitions of the "Property," and the "Property" refers to the land encompassing Parcels A, B, and C as a whole. Parcels A, B, and C have no legal status aside from demarcating the Property to which the easement applies, and the easement applies to the three parcels collectively. Because there is no preexisting division of the Property

3

encompassing the parcels, the sale of one parcel without the others would divide it.

The Tabors note that the easement deed has no provision requiring unified ownership. While the easement deed lacks a "unified ownership" clause, it does prohibit divisions and partitions of the land. Because the piecemeal sale of part of the Property would violate that provision, there is no need for a separate clause requiring "unified ownership." And even if the Tabors could establish that the easement deed is ambiguous on this point, the deed requires that "[a]ny ambiguities" must "be resolved in favor of [the government]." App'x 42.

## II

The Tabors argue that the district court abused its discretion when it declined to exercise supplemental jurisdiction over related state law claims. But when all federal claims are dismissed before trial, dismissal of any remaining state claims is a sound exercise of discretion. *See Castellano v. City of New York*, 142 F.3d 58, 74 (2d Cir. 1998). The Tabors also argue that the district court erred by entering judgment for the United States. That argument depends on the conclusion that the district court misinterpreted the easement deed. *See* Appellants' Br. 18 ("In entering judgment, the District Court relied expressly upon the ruling on the cross motions for summary judgment. Because that ruling was erroneous, the District Court erred and the judgment should be set aside and reversed."). Because we reject that conclusion, the entry of judgment was proper.

\* \* \*

We have considered the Tabors' remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4